# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * *
ALA MOHAMAD,                         *
                                     *
                                     *    No. 16-1075V
            Petitioner,              *    Special Master Christian J. Moran
                                     *
v.                                   *
                                     *    Filed: April 23, 2021
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *    Fact-finding, onset.
                                     *
            Respondent.              *
* * * * * * * * * * * * * * * * * * * *
```

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner;
Voris E. Johnson, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED RULING FINDING FACT[1]

On August 29, 2016, Ala Mohamad filed a petition for compensation under the National Childhood Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10—34 (2012), alleging that he suffers from Guillain-Barré Syndrome ("GBS") as a result of the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on September 18, 2015. Pet. at 1. The parties dispute when Mr. Mohamad started to experience neurological symptoms. For the reasons explained below, the undersigned finds that a preponderance of the evidence supports an onset date of September 28, 2015, or 10 days post-vaccination, for Mr. Mohamad's symptoms.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Anyone will be able to access this ruling via the internet (https://www.uscfc.uscourts.gov/aggregator/sources/7). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

## Procedural History

The issue of when Mr. Mohamad began to experience neurologic problems has risen often. In his Rule 4(c) report, filed on June 6, 2017, the Secretary argued that Mr. Mohamad has not met his burden to establish that the onset of his symptoms arose in a medically reasonable time frame. The Secretary specifically cited medical records indicating an onset of the day of vaccination and one day after vaccination. Resp't's Rep. at 9-10. Mr. Mohamad then filed an onset affidavit, as well as witness affidavits, on February 12, 2018, and September 18, 2018. Exhibits 10, 16-19.

In preparation for the upcoming entitlement hearing, the parties then submitted briefs, which included arguments on, among other issues, the onset of Mr. Mohamad's symptoms. Pet'r's Br., filed June 23, 2020; Resp't's Br., filed Sept. 24, 2020; Pet'r's Reply, filed Oct. 26, 2020. On April 12, 2021, the undersigned then issued a tentative finding regarding onset finding that Mr. Mohamad's neurological symptoms began 10 days after vaccination. The undersigned discussed this tentative finding with the parties at a pre-hearing status conference held on April 22, 2021. After this discussion, the undersigned re-reviewed the medical records relevant to onset.

An entitlement hearing remains set for May 6-7, 2021, and May 27, 2021. The testimony presented at this hearing will help determine whether Mr. Mohamad is entitled to compensation. However, after re-reviewing the medical records relevant to the question of onset, the undersigned finds that evidence currently exists to make a ruling regarding the onset of Mr. Mohamad's neurological symptoms.

## Basis for Finding

Mr. Mohamad received the Tdap vaccination on September 18, 2015. Exhibit 6 at 15. Mr. Mohamad alleges that he began experiencing symptoms of numbness in his feet and hands 9-10 days following vaccination. Pet'r's Br. at 13-14. To support his allegation, Mr. Mohamad points to two histories taken by medical providers on September 30, 2015, and October 2, 2015, twelve and fourteen days after vaccination respectively. See exhibit 6 at 20 (reporting "numbness sensation in both hands and feet . . . x 2 days" on September 30, 2015); exhibit 5 at 607 (reporting progressive numbness in hands and feet following vaccination with "significant weakness and unable to ambulate" the day before this

appointment).  To the extent that the history taken at the Medical Center of Aurora Hospital on October 2, 2015, conflicts with respect to the beginning of Mr. Mohamad's numbness, he states that this history was taken "without the aid of an official interpreter" and "when Mr. Mohamad was experiencing serious symptoms of GBS." Pet'r's Br. at 14.  The history taken by Kaiser Permanente on September 30, 2015, was taken with the aid of an interpreter.  See exhibit 6 at 20 ("Pacific interpreter 223925 used today for arabic translation.").  Mr. Mohamad argues that this September 30, 2015 record is more credible due to the use of a translator.

In response, the Secretary points to the Medical Center of Aurora Hospital medical record from Dr. Miller on October 2, 2015, in which Mr. Mohamad's sister-in-law served as an interpreter.  Exhibit 5 at 254.  This medical record states that Mr. Mohamad began experiencing numbness and tingling in his arm on the day of his vaccination and numbness in his hands and feet the following day.  Id. The Secretary also cites to the portion of the October 2, 2015 medical record created by Dr. Keselman, which states that Mr. Mohamad began experiencing numbness in his right thumb the day of his vaccination and worsening numbness the day following his vaccination.  Id. at 607.

All medical records relevant to onset were created close in time to each other; therefore, this is not a situation in which one record can be readily favored based on when it was created.  Additionally, the records are not entirely consistent.  Crediting one record will necessarily mean not crediting a different one.

Under these circumstances, the Secretary's argument is a reasonable one.  Some medical records support the assertion that Mr. Mohamad's symptoms began within 1-2 days following vaccination.  Exhibit 5 at 254, 607.  One of these records also includes an interpreter.  Id. at 254.

However, the undersigned finds Mr. Mohamad's argument more persuasive and credits the September 30, 2015 record, finding that Mr. Mohamad's numbness in his hands and feet began on approximately September 28, 2015, or 10 days post-vaccination.  See Vaccine Rule 5(a)(3).  In the September 30, 2015 appointment, Mr. Mohamad provided a history to a doctor with whom he was familiar.  Mr. Mohamad also appeared to be in less distress in this appointment, compared to his relaying of other histories in an emergency, hospital setting on October 2, 2015.

In addition, a finding that Mr. Mohamad's symptoms began ten days post-vaccination is supported by affidavit testimony.  Exhibits 10, 16-19.  While these affidavits were created later years later and in the context of litigation, affidavits

remain a form of evidence. See James-Cornelius v. Sec'y of Health & Human Servs., 984 F.3d 1374, 1380-81 (Fed. Cir. 2021) (finding that affidavits constitute objective evidence to support a claim for compensation). Thus, to the extent that the medical records created at the end of September / beginning of October are not entirely consistent about onset, the affidavits help tip the balance in weighing all the evidence.

## Conclusion

The undersigned finds that Mr. Mohamad's neurological symptoms began 10 days after his vaccination. A ruling that Mr. Mohamad's numbness in his hands and feet began on approximately September 28, 2015, or 10 days post-vaccination, supports a finding in favor of Mr. Mohamad with respect to Althen prong 3. However, it does not resolve the issue of causation completely or prove that Mr. Mohamad is entitled to compensation. See Grant v. Sec'y of Health & Human Servs., 956 F.2d 1144, 1148 (Fed. Cir. 1992) ("[A] proximate temporal association alone does not suffice to show a causal link between the vaccination and the injury.").

Mr. Mohamad's counsel stated in the pre-hearing status conference that an onset finding of 10 days post-vaccination would likely affect the witnesses he may call at the hearing. As stated in the scheduling ordered issued on April 22, 2021, Mr. Mohamad should file a finalized witness list by April 30, 2021.

Any questions regarding this order may be directed to my law clerk, Haley Hawkins, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master