# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
ALA MOHAMAD,                           *
                                       *    No. 16-1075V
        Petitioner,            *    Special Master Christian J.
                                       *    Moran
v.                                     *
                                       *
                                       *    Filed: September 8, 2022
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *    attorneys' fees and costs
                                       *
        Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * *

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner;

Voris Johnson, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

      Represented by Attorney Richard Gage, Ala Mohamad established that a tetanus-diphtheria-acellular pertussis vaccine caused him to develop Guillain-Barré syndrome. As the parties are determining the amount of compensation to which he is entitled, Mr. Mohamad requested an award of attorneys' fees and costs on an interim basis. He is awarded $157,241.63.

      \*     \*     \*

      The requested fees include work performed and costs incurred as of August 31, 2021, when petitioner filed his motion. Petitioner did not present any argument

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

as to why an award of attorneys' fees and costs on an interim basis is justified.  See Pet'r's Mot.  As such, Mr. Gage is encouraged to present a justification in any future motions requesting an award of attorneys' fees and costs.

The Secretary filed his standard response to petitioner's motion on Sep. 8, 2021.  Resp't's Resp.  The Secretary did not provide any objection to petitioner's request.  Id.  Instead, he stated that he "recommends that the [Special Master] exercise [his] discretion and determine a reasonable award for interim fees' and costs, if any at this time."  Id. at 3.

This matter is now ripe for adjudication.

\* \* \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs?  Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Since petitioner has not received compensation from the Program, he may be awarded "compensation to cover [his] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1).  As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs.  Simmons v. Sec'y of Health & Hum. Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard.  Id.; Hamrick v. Sec'y of Health & Hum. Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred.  Turner v. Sec'y of Health & Hum. Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  The Secretary has

2

not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Hum. Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, petitioner has been found entitled to compensation. Ruling, issued Jan. 27, 2022, 2022 WL 711604. Thus, petitioner has shown that he has a reasonable basis for his claim.

### 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right. Avera, 515 F.3d at 1352 (Fed. Cir. 2008). Instead, petitioner must demonstrate "undue hardship." Id. The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months. Petitioner clears both hurdles.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Special masters may rely upon their experience in adjudicating requests for attorneys' fees and costs. Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In

light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018).

    A. Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895, n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, 2021 can be accessed online.[2]

Petitioner states that the rates charged by petitioner's counsel are reasonable and in line with previous awards. Pet'r's Mot. at pdf 1-2. The Secretary does not dispute the proposed hourly rates. Given Mr. Gage's level of experience, the undersigned finds these rates to be reasonable. Mr. Gage's rates, as well as the rates of Ms. Blume and paralegals assisting with the case, are reasonable. Schettl v. Sec'y of Health & Hum. Servs., No. 14-422V, 2022 WL 2912666 (Fed. Cl. Spec. Mstr. June 30, 2022); Hood v. Sec'y of Health & Hum. Servs., No. 16-1042V, 2022 WL 1055498 (Fed. Cl. Spec. Mstr. Mar. 22, 2022).

---

[2] The 2015–2016, 2017, 2018, 2019, 2020, 2021 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521. The Secretary did not challenge any of the requested hours as unreasonable.

Petitioner has not established all hours requested are reasonable. One problem is that many entries are vague, stating "File review" or "File reviewed" or "Reviewed filing." Without some identification of what is being reviewed, evaluating the amount of time is difficult. In this regard, Mr. Gage and his associates did not comply with the direction that "The entries on the time sheet should stand alone. A rule of thumb is that entries should contain more than 10 words." Order regarding Attorneys' Fees and Costs, issued Aug. 30, 2016, at 4.[3] A similar problem concerns multiple instances of block billing. The undersigned advised "Each discrete task should have a specific entry. A rule of thumb is that tasks that require more than one hour should be further refined." Id. However, some entries lump together more than one task. For example, for 2.7 hours of work on September 9, 2017, Mr. Gage wrote "File review re: re-supplemental report. Phone call with Dr. Shafir. Reviewed relevant medical records. Correspondence to Dr. Shafrir." In addition, paralegals sometimes billed for performing clerical tasks, such as creating c.d.'s.

Accordingly, to accomplish rough justice, the requested attorneys' fees are reduced by 10 percent. See Fields v. Sec'y of Health & Hum. Servs., No. 17-1056V, 2022 WL 3569300, at *2-3 (Fed. Cl. Spec. Mstr. July 27, 2022) (citing cases in which fee adjudicators reduced requests by various percentages), mot. for rev. denied on other grounds, slip op. (Aug. 23, 2022). A reasonable amount of attorneys' fees, therefore, is **$110,842.47**.

C.  Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requested $66,963.61 in attorneys' costs, consisting of acquiring medical records, paying the court filing fee, postage, and acquiring and compensating for the services of three experts. See

---

[3] Nearly all the entries Ms. Blume created would benefit from an enhanced description of her work. See Pet'r's Mot. at pdf 58.

5

Pet'r's Mot. at pdf 6, 76-78. For the non-expert-related costs ($6,491.66), the undersigned finds that petitioner has provided adequate documentation for these costs and will award them in full.[4]

For the expert-related costs, petitioner has requested compensation for the expert fees of three entities: Dr. Shafrir, life care planners at ReEntry Rehabilitation Services, Inc., and an economist, Mark McNulty. Collectively, these costs total $60,471.95.

Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. See Chevalier v. Sec'y of Health & Hum. Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017). A reasonable hourly rate for an expert depends, in part, on the quality of the expert's work. Sabella v. Sec'y of Dep't of Health & Hum. Servs., 86 Fed. Cl. 201, 218-25 (2009).

Dr. Shafrir has invoiced for $46,950.00. Pet'r's Mot. at pdf 103-04. He generally billed at $400 per hour, except he billed at $600 per hour for 9.75 hours during the hearing.

Petitioner has not established that a reasonable amount of compensation for Dr. Shafrir's work is $46,950.00. First, Dr. Shafrir's invoice lacks specificity. Multiple entries are for six or more hours but the activity lacks a description that adequately explains how the task took that much time. In this regard, Dr. Shafrir did not comply with the direction that "every half hour should have a separate task, differentiated from other tasks." Instructions to Experts, issued May 24, 2018, at 8. For example, on April 18-19, 2020, Dr. Shafrir listed 10.5 hours for "Reviewing Court's exhibits 1001 and 1002, and referenced articles." It is not readily apparent how a review of the relevant portions of exhibits 1001 and 1002 could exceed one typical business day. Next, petitioner has not justified an increase of $200 per hour for time spent at a hearing. Finally, the quality of Dr. Shafrir's work in this case was not at the highest level. See Ruling, 2022 WL 711604, at *7. When experts do not perform at their usual level, a special master may reduce the amount awarded in costs. Frantz v. Sec'y of Health & Hum. Servs., 146 Fed. Cl. 137, 146

---

[4] The non-expert related costs includes $3,265.25 for photocopies. Given the widespread use of scanning technology, Mr. Gage has not explained why his office printed more than 13 thousand pieces of paper. However, due largely to the Secretary's failure to interpose any objection, the undersigned accepts the representation of an officer of the court at face value. However, Mr. Gage is encouraged to demonstrate why an extensive amount of photocopies are reasonable in any future motions for attorneys' fees and costs.

(2019). To achieve a level of rough justice, Dr. Shafrir's invoice is reduced by 15 percent, meaning petitioner is awarded $39,907.50.

As for the second entity, ReEntry Rehabilitation Services, Inc., petitioner requests reimbursement in the amount of $11,721.95. Pet'r's Mot. at pdf 101-02. However, many entries are vaguely described. For example, some entries state "review records" without identifying the records being reviewed and other entries state "life care plan research re: costs" without any further explanation. Because ReEntry Rehabilitation is continuing to work in the case as part of the damages process, members of this team can attempt to provide additional information about the task being performed. Accordingly, the request for compensation from ReEntry Rehabilitation is DEFERRED until a final motion for attorneys' fees and costs. See Pickens v. Sec'y of Health and Hum. Servs., No. 17-187V, 2020 WL 414442 (Fed. Cl. Jan. 9, 2020) (denying motion for review in which special master had deferred adjudication of an expert's cost).

Similarly, an evaluation of the work by Mark S. McNulty of Economic Solutions can be resolved after the damages portion of the case is completed. See order, issued Feb. 7, 2022, at 6. Thus, this request is DEFERRED as well.

In sum, petitioner is awarded attorneys' costs in the amount of $46,399.16.

\*   \*   \*

Accordingly, petitioner is awarded:

**A lump sum of $157,241.63 in the form of a check made payable to petitioner and petitioner's attorney, Richard Gage.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master