# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * *
ALA MOHAMAD,                              *
                                          *    No. 16-1075V
            Petitioner,          *    Special Master Christian J.
                                          *    Moran
v.                                        *
                                          *    Filed:  May 30, 2024
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
            Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * * * *

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner;
Voris Johnson, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION AWARDING DAMAGES[1]

      On August 29, 2016, Ala Mohamad filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that a tetanus-diphtheria-acellular pertussis vaccine he received on September 21, 2015 caused him to develop a neurological problem known as Guillain-Barré syndrome. After development of written evidence, the case proceeded to a hearing, and the parties submitted post-hearing briefs. On January

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

27, 2022, the undersigned determined that Mr. Mohamad is entitled to compensation.

On May 24, 2024, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the Proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer, with Tab A, the court awards petitioner the following:

> **A. All items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.**
>
> **B. $561,869.00 in past and future lost earnings under 42 U.S.C. § 300aa-15(a)(3)(A).**
>
> **C. $225,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value.** *See* **42 U.S.C. § 300aa-15(a)(4).**
>
> **D. Funds to satisfy a State of Colorado Department of Health Care Policy & Financing Medicaid lien in the amount of $92,602.13, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Colorado Department of Health Care Policy & Financing may have against any individual as a result of any Medicaid payments the Colorado Department of Health Care Policy & Financing has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about September 21, 2015, under Title XIX of the Social Security Act.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 16-1075V according to this decision and the attached proffer.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

Any questions regarding this order may be directed to my law clerk, Christine Olson, at (202) 357-6360.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ALA MOHAMAD,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                Respondent. | No. 16-1075V<br>Special Master Moran<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 29, 2016, Ala Mohamad ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on September 21, 2015, he suffered from Guillain-Barré syndrome ("GBS"). ECF No. 1. On January 27, 2022, Special Master Moran issued a Ruling on Entitlement in favor of petitioner. ECF No. 150. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.**    **Items of Compensation**

    A.    Life Care Items

Respondent engaged Linda Curtis RN, MS, CCM, CNLCP, and petitioner engaged Liz Kattman, MS and Helen M. Woodard, M.A., of ReEntry Rehabilitation Services, Inc., to provide

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's January 27, 2022 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

an estimation of petitioner's future vaccine injury-related needs. For the purposes of this proffer, the term "vaccine injury" is as described in the Special Master's January 27, 2022 Ruling on Entitlement. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Ala Mohamad, attached hereto as Tab A.[2] Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

      B.      <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Ala Mohamad has suffered past loss of earnings and will suffer future loss of earnings as a result of his vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Ala Mohamad's past and future lost earnings is $561,869.00. Petitioner agrees.

      C.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $225,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      D.      <u>Medicaid Lien</u>

Respondent proffers that Ala Mohamad should be awarded funds to satisfy a State of Colorado Department of Health Care Policy & Financing Medicaid lien in the amount of

---

[2] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

2

$92,602.13, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Colorado Department of Health Care Policy & Financing may have against any individual as a result of any Medicaid payments the Colorado Department of Health Care Policy & Financing has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about September 21, 2015, under Title XIX of the Social Security Act.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

A.  A lump sum payment of $794,823.40, representing compensation for life care expenses expected to be incurred during the first year after judgment ($7,954.40), lost earnings ($561,869.00), and pain and suffering ($225,000.00), in the form of a check payable to petitioner, Ala Mohamad.

B.  A lump sum payment of $92,602.13, representing compensation for satisfaction of the Colorado Department of Health Care Policy & Financing Medicaid lien, payable jointly to petitioner and:

> Colorado Department of Health Care Policy & Financing
> Attn: Erika Herrera
> Tort & Casualty Specialist
> Third Party Liability & Recoveries Section
> 303 E. 17th Avenue
> Denver, CO 80203
> State I.D. No. Y566782
> Case No. 1002405

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

3

Petitioner agrees to endorse this payment to the Colorado Department of Health Care Policy & Financing.

      C. An amount sufficient to purchase an annuity contract,[4] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[5] from which the annuity will be purchased.[6] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Ala Mohamad, only so long as petitioner is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth in the chart at Tab A

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for all items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Ala Mohamad, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Ala Mohamad's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Ala Mohamad:    **$794,823.40**

    B.    Medicaid lien:    **$ 92,602.13**

    C.    An amount sufficient to purchase the annuity contract described above in section II.C.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

/s/Voris E. Johnson, Jr.
VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4136

Dated:  May 24, 2024

**Appendix A: Items of Compensation for Ala Mohamad**      Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2024 | Compensation Years 2-11 2025-2034 | Compensation Years 12-19 2035-2042 | Compensation Years 20-Life 2043-Life |
|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 4% | | M | 2,096.40 | 2,096.40 | | |
| Medicare Part B Deductible | 4% | | | 240.00 | 240.00 | 240.00 | 240.00 |
| Neurology | 4% | * | | 100.00 | 100.00 | 100.00 | 100.00 |
| Gabapentin | 4% | * | | | | | |
| Duloxetine | 4% | * | | | | | |
| Sertraline | 4% | * | | | | | |
| Ibuprofen | 4% | | | 16.00 | 16.00 | 16.00 | 16.00 |
| Case Mngt | 4% | | | 780.00 | 780.00 | 780.00 | 780.00 |
| Assistance | 4% | | M | 4,056.00 | 4,056.00 | 4,056.00 | 8,112.00 |
| Pill Box | 4% | | | 6.00 | 1.20 | 1.20 | 1.20 |
| Interpreting Services | 4% | | | 660.00 | 660.00 | 660.00 | 660.00 |
| Lost Earnings | | | | 561,869.00 | | | |
| Pain and Suffering | | | | 225,000.00 | | | |
| Medicaid Lien | | | | 92,602.13 | | | |
| Annual Totals | | | | 887,425.53 | 7,949.60 | 5,853.20 | 9,909.20 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($7,954.40), lost earnings ($561,869.00), and pain and suffering ($225,000.00): $794,823.40.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of Colorado, as reimbursement of the state's Medicaid lien: $92,602.13.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.